UNITED STATES of America,
Plaintiff–Appellant,

v.

Janet Rebecca JOHNSON,
Defendant–Appellee.

No. 92–3318.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1993.

Decided May 25, 1993.

John D. Griffith, Asst. U.S. Atty., Des Moines, IA, argued, for plaintiff-appellant.

Steven A. Kloberdanz, Marshalltown, IA, argued, for defendant-appellee.

1. The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge and MORRIS SHEPPARD ARNOLD, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

The government appeals the district court's[1] denial of an additional three-level sentencing enhancement under United States Sentencing Guideline ("U.S.S.G.") § 2B1.1 due to Janet Johnson's misapplication of credit union funds. We affirm.

Johnson was an employee of the Lennox Credit Union of Marshalltown, Iowa from September 1977 until August, 1991. During an internal investigation in August 1991, Johnson called the credit union and admitted that she had embezzled funds from credit union accounts. Johnson then pled guilty to one count of embezzlement and misapplication of credit union funds by a credit union employee in violation of 18 U.S.C. § 657. In the stipulation of facts, Johnson admitted to embezzling $88,483.41 and misapplying $318,-915. Johnson misapplied the funds by transferring money from one credit union account to another credit union account. The district court sentenced Johnson under § 2B1.1 of the Guidelines on September 11, 1992. The court computed Johnson's total offense level at 14, based upon a base offense level of four, an eight-level increase because the loss amounted to over $70,000, a two-level increase for more than minimal planning, a two-level increase for abuse of trust, and a two-level reduction based on acceptance of responsibility. Based on Johnson's adjusted base offense level of 14, the district court sentenced Johnson to 15 months imprisonment and three years of supervised release.

The government argues the court erred in not increasing Johnson's offense level by eleven levels based on the total amount of "loss" to the credit union. The government argues that the proper amount of loss was $407,398.41, which includes the $88,483 in embezzled funds and the $318,915 in misapplied funds. We disagree. "Loss" is defined

as "the value of the property taken, damaged, or destroyed." U.S.S.G. § 2B1.1, comment. (n. 2). "The value of property taken plays an important role in determining sentences for theft offenses, because it is an indicator of both the harm to the victim and the gain to the defendant." U.S.S.G. § 2B1.1, comment. (backg'd). In this case, the amount of loss to the credit union was $88,483, which represents the amount of money actually removed from the credit union accounts. The misapplied funds were never removed from the credit union, but were transferred from one credit union account to another.[2] The credit union was never "at risk" to lose the misapplied funds, *United States v. Brach,* 942 F.2d 141, 143 (2d Cir.1991), and the district court properly excluded that figure from its calculation of loss under U.S.S.G. § 2B1.1.

---

2. *See United States v. Shattuck,* 961 F.2d 1012, 1017 (1st Cir.1992) (court indicated in dicta that amount of "victim loss" for sentencing purposes does not include the amount of misapplied funds that remained in bank accounts).

